Melissa Bobrow SBN 264440
Law Offices of Cassandra Hearn APC
750 B Street, Suite 1760
San Diego, CA 92101
Phone: (619) 800-0384
Email: melissa@hearnlawgroup.com

Attorney for ROBERT KOESTER

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## HONORABLE JANIS L. SAMMARTINO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT KOESTER,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 19-CR-0782-(JLS)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO:<br>1) COMPEL DISCOVERY; and<br>2) GRANT LEAVE TO FILE FURTHER MOTIONS<br><br>Judge: Hon. Janis L. Sammartino<br>Date: April 8, 2019<br>Time: 1:30 p.m.<br>Courtroom: 4D |

**TO: THE UNITED STATES ATTORNEY, ROBERT S. BREWER JR.; AND ASSISTANT UNITED STATES ATTORNEY, RENEE GREEN:**

## I.    FACTUAL BACKGROUND

The government charged Mr. Koester with 2 counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) & (e). The charges stem from separate incidents and alleged victims.

According to the discovery, Mr. Koester committed the alleged acts in the Southern District of California as well as in Yamhill County, Oregon.

## II.    MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Mr. Koester moves for the production by the government of the following discovery and for the preservation of such evidence. This request is not limited to those items that the prosecutor

knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of *any government agency*. See generally *Kyles v.Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989). Mr. Koester has received limited discovery.

(1) **The Defendant's Statements**. The government must disclose to Mr. Koester *all* copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).

(2) **Arrest Reports, Notes and Dispatch Tapes.** Mr. Koester also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable. Mr. Koester specifically requests a copy of any audiotapes or videotapes of *any* interrogation or questioning.

(3) ***Brady* Material.** Mr. Koester requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence

falls within Brady's definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(4) **Any Information That May Result in a Lower Sentence Under the Guidelines.** As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5) **The Defendant's Prior Record**. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record. Mr. Koester requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions.

(6) **Any Proposed 404(b) Evidence**. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . .shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given *three weeks before trial* in order to give the defense time to adequately investigate and prepare for trial.

(7) **Evidence Seized.** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(c), and Mr. Koester requests it.

(8) **Request for Preservation of Evidence.** Mr. Koester specifically requests that any recordings or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, the

vehicle, and any other evidence seized from the defendant or any third party. It is requested that the government be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

Mr. Koester requests that the government safeguard and preserve any videotape evidence, recordings or tapes until this case is resolved, and puts the government on notice that it is Mr. Koester's contention that this evidence is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963).

(9)   **Tangible Objects**. Mr. Koester requests, under Fed. R. Crim. P. 16(a)(1)(c) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible portions objects, including photographs, books, papers, documents, photographs of buildings or places or copies of thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(10)   **Evidence of Bias or Motive to Lie**. Mr. Koester requests any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

(11)   **Impeachment Evidence**. Mr. Koester requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady v. Maryland*, supra. See *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record*)*; *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12)   **Evidence of Criminal Investigation of Any Government Witness**. Mr. Koester requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

(13)     **Evidence Affecting Perception, Recollection, Ability to Communicate.** Mr. Koester requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

(14)     **Witness Addresses.** Mr. Koester requests the name and last known address of each prospective government witness. See *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

(15)     **Name of Witnesses Favorable to the Defendant.** Mr. Koester requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or who was unsure of identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(16)     **Statements Relevant to the Defense.** Mr. Koester requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

(17)     **Jencks Act Material.** Mr. Koester requests all material to which Mr. Koester is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an

accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963).

(18)    **Giglio Information**. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Koester requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(19)    **Reports of Scientific Tests or Examinations.** Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Koester requests the reports of all tests and examinations conducted upon the evidence in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(20)    **Henthorn Material.** Mr. Koester requests that the prosecutor review the personnel files of the officers involved in this arrest, and those who will testify, and produce any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. See *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

(21)    **Informants and Cooperating Witnesses.** Mr. Koester requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). Mr. Koester also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include

what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(22)   **Expert Witnesses.** Mr. Koester requests disclosure of the identities of any expert witnesses the government intends to call at trial as well as "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." Fed. R. Crim. P. 16(a)(1)(E).

(23)   **Residual Request.** Mr. Koester intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Koester requests that the government provide counsel with the above requested material sufficiently in advance of trial.

Counsel specifically requests all evidence the government intends to use in their case in chief under FRCP 12(b)(4)(B) in order that suppression of evidence can be evaluated.

## III. MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS.

Defense counsel has received partial discovery and requests leave to file additional motions after complete discovery is produced and reviewed.

## IV. CONCLUSION

For the foregoing reasons, Mr. Koester respectfully requests that the Court grant the above motions.

Dated: March 25, 2019                              Respectfully submitted,

                                                                    s./Melissa Bobrow
                                                                    Melissa Bobrow
                                                                    Attorney for Defendant,
                                                                    Robert Koester